IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUNDRAYE CURRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0314-N |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Aundraye Curry, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2007, a Navarro County jury convicted petitioner of possession of a controlled substance in a drug-free zone.  Punishment, enhanced by a prior felony conviction, was assessed at 16 years confinement.  His conviction and sentence were affirmed on direct appeal.  *Curry v. State*, No. 10-07-00104-CR, 2008 WL 43647 (Tex. App.--Waco, Jan. 2, 2008, no pet.).  Petitioner also filed an application for state post-conviction relief.  The application was denied without written order.  *Ex parte Curry*, WR-72,540-01 (Tex. Crim. App. Sept. 2, 2009).  Petitioner then filed this action in federal district court.

II.

Petitioner challenges his conviction on two grounds:  (1) he received ineffective assistance of counsel on appeal; and (2) the trial court improperly instructed the jury on the effect of the applicable parole law.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations.  Petitioner addressed the limitations issue in a reply filed on May 19, 2010.  The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996).  The limitations period runs from the latest of:

>  (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period.  *Id.*

§ 2244(d)(2).  The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 16 years in prison for possession of a controlled substance in a drug-free zone.  His conviction was affirmed by the court of appeals on January 2, 2008.  Petitioner did not file a motion for rehearing or seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter, or on February 1, 2008.  TEX. R. APP. P. 68.2(a) (PDR must be filed within 30 days after state appeals court renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner filed an application for state post-conviction relief on January 12, 2009.  The application was denied on September 2, 2009.  Petitioner filed this action in federal court on February 10, 2010.

The AEDPA statute of limitations started to run on February 1, 2008, when petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  The limitations period was tolled from January 12, 2009 to September 2, 2009--a total of 234 days--while a properly filed application for state post-conviction relief was pending.  Even allowing for this tolling period, petitioner still waited 506 days before seeking habeas relief in federal court.  In an attempt to shift the blame for this delay, petitioner alleges that he mailed his state writ to the Navarro County district clerk on September 29, 2008, but the pleading was not filed by the clerk until January 12, 2009.[1]  The 105 days between

---

[1] Although the prison "mailbox rule" does not apply to state post-conviction proceedings, a federal habeas petitioner may be entitled to equitable tolling of the AEDPA limitations period if he "expediently" deposits his state writ with prison officials for mailing.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000).

September 29, 2008 and January 12, 2009 has no effect on the timeliness of petitioner's application for writ of habeas corpus. His federal writ is still untimely by 36 days.

Petitioner further argues that he "misinterpreted the law as to when a federal habeas corpus must be filed in relation to the final judgment of the State." (*See* Pet. Reply at 1). Ignorance of the law, including the one-year limitations period governing federal habeas proceedings, does not constitute a "rare and exceptional circumstance" sufficient to toll the AEDPA statute of limitations. *See, e.g. Holbert v. Quarterman*, No. 3-07-CV-2155-B, 2008 WL 706863 at *2 (N.D. Tex. Mar. 12, 2008); *Dean v. Quaterman*, No. 3-07-CV-0470-N, 2007 WL 1989470 at *3 (N.D. Tex. Jul. 5, 2007), *citing Felder v. Johnson* 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000).[2] Consequently, this case must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[2] Statutory tolling may be justified where a prisoner is ignorant of the one-year statute of limitations and is unable to obtain a copy of the AEDPA from prison authorities. *See Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003). However, petitioner does not allege, much less prove, that he could not obtain a copy of the statute from the prison law library.

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   May 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE